OPINION of the Court, by
Judge Owsi.et.
— The plaintiffs obtained judgments at law, in the Bullitt ctr-cuit court, against the defendant, upon two notes executed by the defendant to James Brown, deceased, for five pounds ten shillings and ten pence halt penny each, To obtain relief, the defendant exhibited his bill in cnancerv in the Bullitt circuit court, in which he charges that the deceased was indebted to him at the time of his decease eighteen pounds, for work and labour clone and performed for said Brown. He obtained an injunction staying further proceedings on the judgments at law and prayed that the injunction should be decreed perpetual. The plaintiffs by their answer denied that their decedent owed the defendant any thing at the time of his decease, and relied upon the statute of limitations, as barring the claim. On a final hearing, the court decreed the judgment perpetual, &c, from which decree the plaintiffs have prosecuted this writ of error.
The facts stated by the defendant in his bill as giving a right to go into equity, are exclusively the subjects of an action at law. He naight have maintained an action for work and labor, in which action it would be the province of a jury to ascertain the facts and damages. The plaintiffs having a cross demand against him, in the right of Jame* Brown, deceased, cannot, unless. *636 umicr pi, ,.i alar equrtahle circumstances, authorise the d< fmb i. t to ic-iort to a i\)rt of equity for relief in a cate olla i ,,-tae aloue • '-jr.i/ai.le in a court of law. No cirui y.-ti-iicer arc ;dl -yel by the defendant, which make k tu oi siarv in sh.s case for equity to interpose, it ;⅞ a n itere a cu art oí t quity is asked for relief, on acecurt c f ,i ⅞>-- arr.t_• ..ml distinct demand, unconnected ia any way to the demand on which judgment at law was obtained.
We think therefore equity should not have interposed and given relief. Rut had the defendant's case been cognizable in a court of equity, he has not supported it by proof. He has not proven that the demands which he sets up against Brown, were contracted within five years previous to the commencement of his suit; nor has he proven a promise to pay the same by Brown within that period. His accounts therefore are barred by the statute of limitations.
The decree of the circuit court therefore is erroneous and must be reversed with costs ; the cause remanded to that court, and a decree to be there entered dismissing the bill of the defendant with, costs and damages.